IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EDUARDO H. MARTINEZ,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:25-CV-3083-L-BK** |
| | § | |
| **JUDGE ANDREA D. PLUMEE,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

On November 17, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 5) was entered, recommending that the court *sua sponte* dismiss without prejudice this action for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine.[1] Instead of filing objections to the Report, pro se Plaintiff Eduardo H. Martinez ("Plaintiff") filed a Motion for Leave to File Amended Complaint (Doc. 7) on December 8, 2025, in which he states that he seeks to "clarify [his] federal claims, add additional factual allegations, and correct any deficiencies identified" by the court. *Id.* According to Plaintiff, his "claims are based on independent federal injuries caused by the [alleged] unconstitutional conduct of state actors, not on review or reversal of any state-court judgment." *Id.* In addition, Defendant Judge Andrea D. Plumlee ("Defendant") filed a Motion to Dismiss (Doc. 8) on December 8, 2025, in which she contends that dismissal of this action is appropriate for the reasons stated in the Report.

---

[1] Under the *Rooker-Feldman* doctrine, a federal district court lacks subject matter jurisdiction to review a final state court decision arising out of a judicial proceeding unless a federal statute specifically authorizes such review. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (Federal courts lack jurisdiction "over challenges to state court decisions . . . arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-16 (1923) (holding that federal district courts do not have appellate jurisdiction to reverse or modify judgment of state court).

**Order – Page 1**

On March 3, 2026, counsel for Defendant also filed an Advisory to the Court Regarding Judge Andrea D. Plumlee's Motion to Dismiss (Doc. 11) in an apparent attempt to obtain a faster ruling.[2]

The court **accepts** the magistrate judge's findings and conclusions with respect to the allegations in Plaintiff's Complaint that were not objected to by him, as it determines that such findings and conclusions are correct. Given Plaintiff's pro se status and because he has not previously amended his pleadings, the court will nevertheless give him an opportunity to cure the deficiencies identified by the magistrate judge via amendment of his pleadings.

Accordingly, the court **grants** Plaintiff's Motion for Leave (Doc. 7) and **directs** the clerk of court to docket his proposed amended complaint (Doc. 7-1) with a file date of May 20, 2026. In light of the court's decision to allow Plaintiff to amend his pleadings, the court also **denies as moot** Defendant's Motion to Dismiss (Doc. 8), which does not address Plaintiff's request to amend or his proposed amended complaint.  Any motion to dismiss by Defendant in response to Plaintiff's Amended Complaint must be filed in accordance with applicable Federal and Local Civil Rules of Procedure.

It is so ordered this 20th day of May, 2026.

Sam A. Lindsay
United States District Judge

---

[2] The court is currently presiding over motions and cases that have been pending longer than this case or the motions filed in this case, and, out of fairness, the undersigned usually attempts to prioritize older motions and cases. Consequently, counsel's telephoning the court's or the magistrate judge's chambers to check on the status of a motion and filing "Advisories" in an effort to expedite a ruling on a pending motion are not generally helpful.

**Order – Page 2**